UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CURTIS K. JACKSON, SR., )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>CHICAGO HOUSING AUTHORITY, et al., )<br> )<br>Defendants. ) | Case No. 21 C 3313<br><br>Judge Sharon Johnson Coleman |

### MEMORANDUM OPINION AND ORDER

Pro se plaintiff Curtis K. Jackson brings this lawsuit against the Chicago Housing Authority ("CHA"), and other defendants, including Susan F. King, alleging constitutional violations and violations of the Americans with Disabilities Act ("ADA") and Fair Housing Act ("FHA"). Before the Court is the King's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants King's motion.

**Background**

Construing his pro se allegations liberally, *Harris v. United States*, 13 F.4th 623, 627 (7th Cir. 2021), Jackson alleges that defendants violated his constitutional rights in connection with the CHA's Housing Choice Voucher Program. In his second amended complaint, Jackson also alleges that he is a qualified person with disabilities that affect his major life activities, such as hearing, concentrating, learning, reading, speaking, shopping, and walking.

With his Housing Choice Voucher, Jackson visited defendant Lake Street Studios in Chicago. Jackson alleges that after he signed a lease and moved in, Lake Street Studios and its employees discriminated against him based on his disabilities in violation of the ADA and FHA. He specifically alleges that Lake Street Studios denied him certain programs, services, and activities, such as access to the laundry room and a disabled parking space.

Jackson further alleges that defendant King was the lead architect designer and lead official of the Lake Street Studio's intended usage. King is a principal with Harley Ellis Devereaux, an architecture and engineering firm.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

**Discussion**

Viewing his second amended complaint liberally, Jackson has not sufficiently alleged that King was personally involved in any violation of his constitutional rights. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Instead, his allegations reveal that King designed the Lake Street Studios where Jackson lived during the relevant time period. Jackson's only other allegations concerning King is that she recommended that Jackson live at the Lake Street Studios and that she knew of the Lake Street Studios' intended usage. Meanwhile, Jackson does not allege that King was involved or even aware of the incidents that occurred at the Lake Street Studios underlying his disability and fair housing claim. Rather, Jackson's ADA and FHA claims are based on the alleged misconduct of the employees at Lake Street Studios.

Moreover, to bring a constitutional claim against a defendant, that defendant must have acted under the color of state law. *Barnes v. City of Centralia, Ill.,* 943 F.3d 826, 831 (7th Cir. 2019). Specifically, "action is taken under color of state law 'when it involves a misuse of power, possessed

by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* (citations omitted). Simply put, constitutional claims cannot be based on private conduct. *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019). Under the circumstances, for King to act under the color of law, she must have "had a 'meeting of the minds' and thus reached an understanding' with a state actor to deny plaintiff[] a constitutional right." *Wilson v. Warren County, Ill.*, 830 F.3d 464, 468 (7th Cir. 2016) (citation omitted). Or, a state actor must have delegated to her a public function or controlled her actions resulting in a constitutional violation. *See Camm v. Faith*, 937 F.3d 1096, 1105 (7th Cir. 2019). Jackson does not allege any of these scenarios, therefore, he has not established that King was anything more than a private citizen involved in the design of the Lake Street Studios.

On a final note, in his response brief Jackson highlights certain issues about the service and summons of his second amended complaint. In the end, King was served and responded to his second amended complaint by filing a motion to dismiss, after which Jackson filed a response brief. As such, Jackson was not prejudiced by these alleged service issues.

**Conclusion**

For these reasons, the Court grants King's Rule 12(b)(6) motion to dismiss with prejudice and dismisses defendant Susan F. King from this lawsuit [48]. Also, the Court dismisses King's employer Harley Ellis Devereaux from this lawsuit based on Jackson's assertion that he did not intend to bring a claim against this architecture firm.

**IT IS SO ORDERED.**

Date: 4/1/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge