## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS K. JACKSON, SR., | ) | |
| | ) | Case No. 21 C 3313 |
| Plaintiff, | ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | |
| CHICAGO HOUSING AUTHORITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Pro se plaintiff Curtis K. Jackson brings this lawsuit against the Chicago Housing Authority ("CHA") and certain CHA employees, among other defendants, alleging constitutional violations and violations of the Americans with Disabilities Act ("ADA") and the Fair Housing Act ("FHA"). Before the Court is the CHA's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants the CHA's motion and dismisses the CHA defendants from this lawsuit.

**Background**

Construing his pro se allegations liberally, *Harris v. United States*, 13 F.4th 623, 627 (7th Cir. 2021), Jackson alleges that the CHA defendants, among others, violated his constitutional rights in connection with the CHA's Housing Choice Voucher Program. In his second amended complaint, Jackson also alleges that he is a qualified person with disabilities that affect his major life activities, such as hearing, concentrating, learning, reading, speaking, shopping, and walking.

With his Housing Choice Voucher, Jackson visited defendant Lake Street Studios in Chicago. Jackson alleges that after he signed a lease and moved in, Lake Street Studios and its employees discriminated against in violation of the ADA and FHA by denying him equal access to programs and services. When he moved into his Lake Street Studios apartment, the unit was filthy,

a light fixture did not work, and he discovered obvious signs of flood damage in both the living area and bathroom. The next day, Lake Street Studio employees delivered a dirty refrigerator, at which time they laughed at Jackson and called him a "motherfucker." He also alleges he was denied other programs, services, and activities, such as access to the laundry room and a disabled parking space. Jackson additionally states that Lake Street Studio employees scheduled an improper inspection of his unit and retaliated against him for informing the CHA of his housing problems.

Jackson emailed Cary Steinbuck of the CHA to complain about the illegal activity at Lake Street Studios. During that time period, Jackson became aware that he was eligible to transfer housing. He then submitted paperwork to transfer from the Lake Street Studios, and Cheryl Burns of the CHA consequently called him. Burns helped assist Jackson with the Project Based Voucher Program so he could transfer housing.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

Viewing his second amended complaint liberally, Jackson has not sufficiently alleged that the

CHA defendants were personally involved in any violation of his constitutional rights. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Instead, his allegations show that the CHA defendants helped him get his housing and helped remedy the situation at the Lake Street Studios. His ADA and FHA allegations that he was denied the benefits of the services, programs, or activities because of his disability are directed at defendant Lake Street Studios and its employees, not the CHA defendants.

Moreover, Jackson's claims against the CHA and the individual CHA defendants in their official capacities fare no better. To establish these official capacity claims, Jackson must allege under *Monell* that the CHA "either through an express policy or an implied policy of inaction, took 'deliberate' action that was the 'moving force' behind a constitutional injury." *Taylor v. Hughes*, 26 F.4th 419, 435 (7th Cir. 2022). "Isolated acts of individual employees, however, are not actionable; something more is required to establish a widespread custom or practice for *Monell* liability." *Reck v. Wexford Health Sources, Inc.*, 27 F.4th 473, 488 (7th Cir. 2022). Jackson has not alleged that the CHA has any such practice or policy, let alone that he suffered a constitutional injury at the hands of the CHA defendants.

**Conclusion**

For these reasons, the Court grants the CHA defendants' motion to dismiss with prejudice [36]. The Court dismisses defendants the CHA, Tracey Scott, Cheryl Burns, and Cary Steinbuck from this lawsuit. The remaining defendants in this lawsuit are Lake Street Studios Limited Partnership and its employees. The Court has set a April 19, 2022 deadline for the Lake Street Studios defendants to answer or otherwise plead to Jackson's allegations. At that time, the Court will determine if a status hearing is necessary and whether to recruit counsel for Jackson.

**IT IS SO ORDERED.**

Date: 4/1/2022

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge